IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARLO MCDOWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12 C 5025 |
| | ) | |
| VILLAGE OF LANSING and OFFICER MICHAEL RODRIGUEZ, | ) ) | |
| | ) | |
| Defendants. | ) ) | |

**AMENDED COMPLAINT**

NOW COMES the Plaintiff, MARLO MCDOWELL, by and through his attorney, BASILEIOS J. FOUTRIS, and for his amended complaint against the Defendants, VILLAGE OF LANSING and OFFICER MICHAEL RODRIGUEZ, states as follows:

**Nature of Action**

1. This action is brought pursuant to the Laws of the United States Constitution, through 42 U.S.C. §1983 and 42 U.S.C. §1988, to redress deprivations of the Civil Rights of the Plaintiff by the Defendants in connection with an incident on June 25, 2011.

**Jurisdiction and Venue**

2. This Court has jurisdiction pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343, and 28 U.S.C. §1367.

3. At all relevant times, the Plaintiff was a resident of the State of Illinois in this Judicial District.

1

4. The VILLAGE OF LANSING is a municipal corporation located in the State of Illinois in this Judicial District. At all relevant times, the VILLAGE OF LANSING was the employer of Defendant, OFFICER MICHAEL RODRIGUEZ. OFFICER MICHAEL RODRIGUEZ was at all relevant times employed by the VILLAGE OF LANSING as a duly appointed police officer in the VILLAGE OF LANSING acting within the course and scope of his employment and under color of law. OFFICER MICHAEL RODRIGUEZ is being sued in his individual capacity with respect to the federal claim.

5. All the events giving rise to the claims asserted herein occurred within this Judicial District.

**Facts**

6. On June 25, 2011, the Plaintiff was located in the parking lot of a bar/restaurant called Bottoms Up.

7. On June 25, 2011, at the time the Plaintiff was in the Bottoms Up parking lot, the Defendant, OFFICER MICHAEL RODRIGUEZ, arrived at the location.

8. The Plaintiff was not violating any laws, rules or ordinances at any time when the Defendant, OFFICER MICHAEL RODRIGUEZ, was at the Bottoms Up parking lot. In addition, the Plaintiff never posed a threat of danger to Defendant, OFFICER MICHAEL RODRIGUEZ, at any time when OFFICER MICHAEL RODRIGUEZ was at the Bottoms Up parking lot.

9. Upon arriving at the parking lot, the Defendant, OFFICER MICHAEL RODRIGUEZ, ordered the Plaintiff to get on the ground. As he gave this order, the Defendant, OFFICER MICHAEL RODRIGUEZ, pointed his Taser at the Plaintiff. The Plaintiff

immediately complied and got on the ground and placed his hands behind his head as he lay on the ground.

10. After the Plaintiff got on the ground, the Defendant, OFFICER MICHAEL RODRIGUEZ, continued to point the Taser at the Plaintiff.

11. As the Plaintiff lay on the ground with his hands behind his head and with the Taser pointed at him, the Plaintiff was unable to defend or protect himself. The Defendant, OFFICER MICHAEL RODRIGUEZ, by directing the Plaintiff to lay on the ground while pointing a Taser at the Plaintiff, had created and/or increased the Plaintiff's risk of harm.

12. As the Plaintiff lay on the ground with his hands behind his head and with the Taser pointed at him, a man walked toward the Plaintiff. The Defendant, OFFICER MICHAEL RODRIGUEZ, saw the man walking toward the Plaintiff. The Defendant, OFFICER MICHAEL RODRIGUEZ, did not do anything to stop or prevent the man from reaching the Plaintiff. Instead, the Defendant, OFFICER MICHAEL RODRIGUEZ, continued to point his Taser at the Plaintiff as the man walked toward the Plaintiff.

13. The man that was walking toward the Plaintiff eventually reached the Plaintiff and kicked the Plaintiff in the face.

14. The Defendant, OFFICER MICHAEL RODRIGUEZ, did not do anything as the man kicked the Plaintiff in the face except for continuing to point the Taser at the Plaintiff.

15. In addition, the Defendant, OFFICER MICHAEL RODRIGUEZ, did not do anything to prevent or stop the man from kicking the Plaintiff.

16. The Plaintiff sustained severe injuries due to being kicked in the face. The physical injuries included, but were not limited to, a fractured jaw.

17. The acts of Defendant, OFFICER MICHAEL RODRIGUEZ were intentional, willful and wanton.

### COUNT I - 42 U.S.C. §1983
### Due Process - RODRIGUEZ

18. The Plaintiff re-alleges Paragraphs 1 through 17, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 18.

19. As described above, the Defendant, OFFICER MICHAEL RODRIGUEZ, violated the Plaintiff's due process rights on June 25, 2011.

20. The misconduct was undertaken by the Defendant, OFFICER MICHAEL RODRIGUEZ, under color of law, under the course and scope of his employment, was objectively unreasonable, with malice, and was undertaken intentionally with willful indifference to the Plaintiff's constitutional rights.

21. The acts of the Defendant, OFFICER MICHAEL RODRIGUEZ, were undertaken in violation of the Plaintiff's rights as guaranteed by the United States Constitution.

22. As a direct and proximate result of the acts of the Defendant, OFFICER MICHAEL RODRIGUEZ, the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, MARLO MCDOWELL, prays for judgment in his favor and against the Defendant, OFFICER MICHAEL RODRIGUEZ, awarding compensatory damages, punitive damages, attorney fees, and costs against the Defendant, OFFICER MICHAEL RODRIGUEZ, as well as any other relief this Court deems just and appropriate.

## COUNT II - Illinois State Law
## Willful and Wanton Conduct – LANSING, RODRIGUEZ

23. The Plaintiff re-alleges Paragraphs 1 through 22, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 23.

24. As described above, on June 25, 2011, the Defendant, OFFICER MICHAEL RODRIGUEZ, acted in a willful and wanton manner and/or in utter disregard for the Plaintiff's safety when he allowed a man to kick the Plaintiff in the face, when he knew, or should have known, that the man posed a danger to the Plaintiff, without doing anything to stop or prevent the kick from happening even though he prevented the Plaintiff from defending or protecting himself.

25. The misconduct was undertaken by the Defendant, OFFICER MICHAEL RODRIGUEZ, under color of law and under the course and scope of his employment as a LANSING police officer.

26. As a direct and proximate result of the acts of the Defendant, OFFICER MICHAEL RODRIGUEZ, the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, MARLO MCDOWELL, prays for judgment in his favor and against the Defendants, VILLAGE OF LANSING and OFFICER MICHAEL RODRIGUEZ, awarding compensatory damages and costs against the Defendants, VILLAGE OF LANSING and OFFICER MICHAEL RODRIGUEZ, as well as any other relief this Court deems just and appropriate.

### Count III - Illinois State Law
### Indemnification - LANSING

27. The Plaintiff re-alleges Paragraphs 1 through 26, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 27.

28. At all relevant times OFFICER MICHAEL RODRIGUEZ was acting under color of law and under the course and scope of his employment.

29. At all relevant times the VILLAGE OF LANSING was the employer of OFFICER MICHAEL RODRIGUEZ.

WHEREFORE, the Plaintiff, MARLO MCDOWELL, pursuant to 745 ILCS 10/9-102, demands judgment against the Defendant, VILLAGE OF LANSING, in the amounts awarded to the Plaintiff against the Defendant, OFFICER MICHAEL RODRIGUEZ, and for whatever additional relief this Court deems just and appropriate.

### JURY DEMAND

The Plaintiff demands a trial by jury on all Counts.


Respectfully Submitted by,

s/Basileios J. Foutris
BASILEIOS J. FOUTRIS
Attorney for Plaintiff MARLO MCDOWELL
FOUTRIS LAW OFFICE, LTD.
53 W. Jackson, Suite 252
Chicago, IL 60604
312-212-1200
bfoutris@foutrislaw.com

## **CERTIFICATE OF SERVICE**

The undersigned, attorney of record herein, hereby certifies that on August 31, 2012 the foregoing **AMENDED COMPLAINT** was electronically filed with the Clerk of the U.S. District Court using the CM/ECF System, along with judge's courtesy copies being delivered; which will send notification of such filing to: Gregory Mathews at gmathews@ancelglink.com.

    s/Basileios J. Foutris
    Basileios J. Foutris
    Foutris Law Office, Ltd.
    53 W. Jackson, Suite 252
    Chicago, IL 60604
    312-212-1200
    bfoutris@foutrislaw.com