IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARLO MCDOWELL, | |
| Plaintiff, | |
| v. | No. 12 CV 05025 |
| | Judge Amy St. Eve |
| VILLAGE OF LANSING and OFFICER MICHAEL RODRIGUEZ, | |
| Defendants. | |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

NOW COME the Defendants, VILLAGE OF LANSING and OFFICER MICHAEL RODRIGUEZ, by and through their attorneys, Gregory S. Mathews and ANCEL, GLINK, DIAMOND, BUSH, DICIANNI & KRAFTEHFER, P.C., and in support of their Motion for Summary Judgment provide the following memorandum:

### I. INTRODUCTION

Plaintiff has filed suit under §1983 and state law against the Village of Lansing and Michael Rodriguez, asserting that Rodriguez violated Plaintiff's substantive due process right to protection while under custody and a state law claim against Rodriguez for willful and wanton conduct. These claims are unsupported by the facts and the Defendants are entitled to summary judgment. Officer Rodriguez responded alone to a dispatch involving a bar brawl, in which the Plaintiff was a participant, at 4:00 a.m. and was confronted with chaos; four or five combatants in the parking lot outside the bar. Within seconds of his arrival and order for everyone to get on the ground, the Plaintiff was kicked by one of the combatants who did not immediately comply. Nothing in the evidence has shown that the conduct of Rodriguez rose to a level which would shock the conscious or constitute willful and wanton behavior.

## II. STANDARD OF REVIEW

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party must identify the specific portions of the total record that it believes establish the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case." *Id.* at 325.

Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but, "by affidavits or as otherwise provided for in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000).

## III. PLAINTIFF'S CLAIMS ARE UNSUPPORTED BY LAW OR FACTS

### A. Plaintiff has uncovered no evidence that the Conduct of Rodriguez violated Plaintiff's Rights under the Fourteenth Amendment

To set prevail in a Fourteenth Amendment substantive due process claim against a government actor, Plaintiff must show "arbitrary governmental action. . .[that] shocks the conscience of federal judges." *Collins v. City of Harker Heights*, 503 U.S. 115, 126 (1992). In *County of Sacramento v. Lewis*, 523 U.S. 833, 845 (1998), the Supreme Court emphasized that "only the most egregious official conduct" can establish a substantive due process violation.

2

Police cannot have the specter of a § 1983 suit hanging over their heads when they are confronted with a dangerous situation as long as their behavior falls within objectively reasonable limits. *Graham v. Connor*, 490 U.S. 386, 397 (1989)); *Harlow v. Fitzgerald*, 457 U.S. 800, 819 (1982).

Three principles govern the analysis of Due Process claims seeking to impose upon a state actor the duty to protect its citizens. First, the state, by its affirmative acts, must create or increase a danger faced by an individual. Second, the failure on the part of the state to protect an individual from such a danger must be the proximate cause of the injury to the individual. Third, because the right to protection against state-created dangers is derived from the substantive component of the Due Process Clause, the state's failure to protect the individual must shock the conscience. *King ex rel. King v. E. St. Louis Sch. Dist. 189*, 496 F.3d 812, 817-18 (7th Cir. 2007) *citations omitted. See also, e.g., Kneipp v. Tedder*, 95 F.3d 1199, 1209 n. 22 (3d Cir.1996) ("[T]he state-created danger theory contemplates some contact such that the plaintiff was a foreseeable victim of a defendant's acts in a tort sense.").

The inquiry into whether official conduct shocks the conscience in a given case is a necessarily fact-bound inquiry. *County of Sacramento v. Lewis*, 523 U.S. 833, 834 (1998) The Supreme Court has noted that this standard lacks precise measurement, but has stated that the emphasis on whether conduct shocks the conscience points toward "the tort law's spectrum of liability." *Lewis*, 523 U.S. at 847–48. Only conduct falling toward the more culpable end of the spectrum shall be found to shock the conscience. *Id.* at 849. When the circumstances permit public officials the opportunity for reasoned deliberation in their decisions, we shall find the official's conduct conscience shocking when it evinces a deliberate indifference to the rights of the individual. *See id.* at 851; *Armstrong v. Squadrito*, 152 F.3d 564, 576–77 (7th Cir.1998). On

3

the other hand, where circumstances call for hurried judgments in order to protect the public safety or maintain the public order, and thereby render reasoned deliberation impractical, conduct must reach a higher standard of culpability approaching malicious or intentional infliction of injury before we shall deem official conduct conscience shocking. *King ex rel. King v. E. St. Louis Sch. Dist. 189*, 496 F.3d 812, 818-19 (7th Cir. 2007) In all cases, the conduct must be more culpable than mere negligence to shock the conscience, because negligence is categorically beneath the threshold of constitutional due process. *Brown v. Reyes*, 815 F. Supp. 2d 1018, 1024-25 (N.D. Ill. 2011)

In the present case, Rodriguez did not have either the time for reasoned deliberation or notice that the Plaintiff was in greater danger of injury from being one of several on the ground. Rodriguez arrived at a chaotic bar brawl scene involving four or five combatants. (SOF 15, 27, 45, 46, 47) He ordered all the men to get to the ground and all but one did so. (SOF 16, 26, 48, 50 ) Rodriguez ordered the man to the ground numerous times. (SOF 32, 53) Within moments or seconds one man kicked the Plaintiff. (SOF 17, 33, 37, 54) Before the kick the man had his hands in the air as if surrendering and made no threatening comments or gestures toward the plaintiff. (SOF 31, 34, 40) Rodriguez had to direct his attention to multiple individuals during a period of moments before Plaintiff was kicked, while at the same time afford himself protection as the lone officer present.

The Seventh Circuit has held that the government has a duty to protect its citizens "if the state disables people from protecting themselves" and/or takes affirmative action that either creates or greatly increases a danger of private violence. *Sandage v. Bd. of Comm'rs of Vanderburgh Cnty.*, 548 F.3d 595, 598-99 (7th Cir. 2008). A plaintiff can pursue a substantive due process claim under § 1983 in situations where the victim was "safe before the state

intervene[d] and unsafe afterward. *Doe v. Vill. of Arlington Heights*, 11 C 02764, 2012 WL 1068787 (N.D. Ill. Mar. 29, 2012) As the Seventh Circuit stated in, *Windle v. City of Marion, Ind.*, 321 F.3d 658, 661 (7th Cir. 2003), "[T]he key question in determining whether state behavior violated the victim's constitutional rights is: "What actions did [the state actor] affirmatively take, and what dangers would [the victim] otherwise have faced?" (The Court of Appeals held that: officer's failure to timely intervene to protect student from the molestation did not violate student's due process rights under Fourteenth Amendment)

Under the evidence, Plaintiff was not "safe" before Rodriguez arrived, or less safe afterward, and Defendant did not put him in a more dangerous situation than the fight he came upon. Summary Judgment should be granted as a result.

**B. Rodriguez is Immune from Plaintiff's Constitutional Claim based on Qualified Immunity**

Qualified immunity will shield a police officer from §1983 liability if "a reasonable officer could have believed [the plaintiff's arrest] to be lawful, in light of clearly established law and the information the [arresting] officer possessed." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991), quoting *Anderson v. Creighton*, 483 U.S. 635, 641, (1987). "If a case involves a question of whether probable cause existed to support an officer's actions, the case should not be permitted to go to trial if there is any reasonable basis to conclude that probable cause existed." *McDonnell v. Cournia*, 990 F.2d 963, 968 (7th Cir.1993), quoting *Cross v. Des Moines*, 965 F.2d 629, 632 (8th Cir.1992).

Once a defendant properly asserts the defense of qualified immunity, it is up to the plaintiff to establish that no reasonable officer could have believed that his actions were constitutional. The Seventh Circuit has held that, in order to defeat a claim of qualified

immunity, a plaintiff bears the burden of pointing to analogous cases establishing that the constitutional right claimed to have been violated was clearly established. *Rakovich v. Wade*, 850 F.2d 1180, 1209 (7th Cir. 1988) (en banc), *cert. denied*, 488 U.S. 968 (1988), abrogated on other grounds.

Here, under the facts set forward in the previous section, Plaintiff cannot establish that Rodriguez, or any reasonable officer, would have believed his actions to be unconstitutional. Rodriguez arrived at the scene at which Plaintiff was involved in a brawl between Plaintiff's side and its opponents and gave a standard order to the combatants. Rodriguez should be granted Summary Judgment based on qualified immunity.

**C. Plaintiff has uncovered no evidence that the Conduct of Rodriguez was Willful and Wanton**

To recover under state law plaintiff must show that the actions of Rodriguez were willful and wanton, and the evidence has revealed no evidence of willful and wanton conduct. Willful and wanton conduct, defined by the courts as, "a course of action which shows actual or deliberate intention to harm or which, if not intentional, shows an utter indifference to or conscious disregard for a person's own safety and the safety of others." 745 ILCS 10/1-210, I.P.I. 14.01., *Glover v City of Chicago*, 106 Ill.App.3d 1066, 62 Ill.Dec. 597, 436 N.E.2d 623 (1st Dist. 1982). Willful and wanton conduct consists of more than mere inadvertence, incompetence, or unskillfulness. See *Geimer v. Chicago Park District*, 272 Ill.App.3d 629, 637, 208 Ill.Dec. 891, 650 N.E.2d 585 (1995). As the courts have interpreted this phrase, proof is required that the defendant knew that his or her actions were likely to cause injury to another. Conduct is willful and wanton when "a person * * * ignores known or plainly observable dangerous conditions and does something that will naturally and probably result in injury to another." *Medina v. City of*

*Chicago*, 238 Ill.App.3d 385, 392, 179 Ill.Dec. 658, 606 N.E.2d 490 (1992). To prove willful and wanton conduct, a plaintiff must show that the defendant, "by deliberately inflicting 'a highly unreasonable degree of harm' on the plaintiff, 'approache[d] the degree of moral blame attached to intentional harm.'" *Morton v. City of Chicago,* 286 Ill.App.3d 444, 452, 222 Ill.Dec. 21, 676 N.E.2d 985 (1997), quoting *Burke v. 12 Rothschild's Liquor Mart, Inc.*, 148 Ill.2d 429, 448, 170 Ill.Dec. 633, 593 N.E.2d 522 (1992).

As stated above in the section on alleged Fourteenth Amendment violations, the conduct of Rodriguez in the seconds before Plaintiff's injury also did not rise to the level of willful and wanton conduct bordering on intentional harm. Summary Judgment should be granted as to Plaintiff's state law claim.

WHEREFORE, Defendants, VILLAGE OF LANSING AND MICHAEL RODRIGUEZ, respectfully request that this Court grant summary judgment in their favor on all Counts.

Respectfully submitted,

**THE VILLAGE OF LANSING,
MICHAEL RODRIGUEZ**

By: _____
/s /Gregory S. Mathews
Attorney for Defendants

Gregory S. Mathews / gmathews@ancelglink.com / ARDC #3127427
ANCEL, GLINK, DIAMOND, BUSH, DICIANNI & KRAFTHEFER, P.C.
140 South Dearborn Street, Sixth Floor
Chicago, Illinois 60603
Main: (312) 782-7606
Direct: (312) 604-9129

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARLO MCDOWELL, | |
| Plaintiff, | |
| v. | No. 12 CV 05025<br>Judge Amy St. Eve |
| VILLAGE OF LANSING and OFFICER MICHAEL RODRIGUEZ, | |
| Defendants. | |

## CERTIFICATE OF SERVICE

I, Violet G. Mendiola, a non-attorney, on oath, certify that I served a copy of **Defendants' Memorandum in Support of Motion for Summary Judgment** by mailing a copy of the same to:

> Basileios J. Foutris
> Foutris Law Office, Ltd.
> 53 W. Jackson, Suite 252
> Chicago, IL 60604

and depositing the same in the U.S. Mail at 140 South Dearborn Street, Chicago, Illinois 60603, with proper postage prepaid, before 5:00 p.m. on July 29, 2013.

[X] I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Certificate of Service is true and correct

/s/ Violet G. Mendiola

\\ngdom1\files\users\vmendiola\GSM files\McDowell, Marlo\Defendants' Memorandum in Support of MSJ.doc  1367186 0000